### UNITED STATES v. COX et al.
#### Civ. No. 680.

District Court, E. D. Illinois.
Jan. 31, 1945.

William W. Hart, U. S. Dist. Atty., and E. R. McHale, Asst. U. S. Dist. Atty., both of East St. Louis, Ill., for plaintiff.

Josiah Whitnel, of East St. Louis, Ill., for defendants.

WHAM, District Judge.

It is apparent to the court and the court finds from the pleadings and affidavits on file that William Wesley Cox who is the same person as the defendant William Cox named in the complaint in the above case is now in the armed forces of the United States, that is the United States Navy, and has been since October 30, 1940; that he is now absent from his home and from this district by reason of said service and his ability to conduct his defense in this suit is materially affected by his said absence in said service.

In the case of Boone v. Lightner, 319 U.S. 561, at page 575, 63 S.Ct. 1223, 1231, 87 L.Ed. 1587, the court said: "The Soldiers' and Sailors' Civil Relief Act is always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation. The discretion that is vested in trial courts to that end is not to be withheld on nice calculations as to whether prejudice may result from absence, or absence result from the service. Absence when one's rights or liabilities are being adjudged is usually prima facie prejudicial. But in some few cases absence may be a policy, instead of the result of military service, and discretion is vested in the courts to see that the immunities of the Act are not put to such unworthy use."

In the case before the court there is no hint or contention that said defendant's absence is a policy instead of the result of military service. This suit was filed more than two years after he entered the military service and more than four years after the accident occurred which forms the cause of the suit. According to the complaint he is one of two alleged partners against whom a judgment in damages is sought. It appears from the affidavit of the other defendant that the relation of partnership between the defendants will be denied in the trial and apparently there will be an effort to cast the entire liability, if any, on the absent defendant. It appears that he may be a material or even necessary witness in his own behalf though this is questioned by the government. If he is the sole owner of the business as stated in the affidavit of his codefendant it would seem only fair that he should have the right to be present to conduct his defense against the charge of liability. If he should wish to contend that he is not the sole owner of the business or that he owns

no part of it and for that reason is not subject to liability he will be a most important witness in his own behalf on that phase of the case. He has filed no pleading in the case, the complaint having been filed long after he entered the service. What his contention or defense may be has not been disclosed. It would obviously not be possible, however, in view of the record, for this court to form a sound opinion that the ability of said defendant to conduct his defense is not materially affected by reason of his military service.

In view of the foregoing findings and conclusions it is the duty of the court to allow the motion of said defendant William Cox for a stay of proceedings in this cause pursuant to the provisions of Sec. 521, Title 50 U.S.C.A.Appendix and a stay of the proceedings is hereby ordered for and during the period said defendant is absent from home and unable to conduct his defense in person by reason of membership in said armed forces of the United States and for a period of 30 days thereafter or until the further order of this court.